UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                           Plaintiff,

v.

PETER DAVIDSON,

                           Defendant.

Case #10-CR-6213-FPG

DECISION & ORDER

---

## INTRODUCTION

By text order dated November 16, 2010, this case was referred to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #18. The indictment in this case alleges that Defendant Peter Davidson ("Davidson") conspired to possess with the intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846, possessed firearms in furtherance of the drug conspiracy in violation of 18 U.S.C. § 924(c)(1), and conducted monetary transactions utilizing the proceeds of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Dkt. #1.

Davidson advances two separate suppression motions. First, he seeks suppression of any evidence recovered during the execution of search warrants on October 26, 2010 at 107 Willowen Drive, Rochester, New York and 139 Lyell Avenue, Rochester, New York, on the grounds that the issued search warrants were not based upon probable cause. Second, he seeks suppression of any post-arrest statements he made to federal agents on October 26, 2010, on the grounds that such statements were taken in violation of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Dkt. #32. Magistrate Judge Payson determined that she could decide the motion regarding the sufficiency of the warrants on the papers, and held a suppression

hearing on October 12, 2011, regarding the motion to suppress statements. At that hearing, Special Agent Anthony Patrone of Immigration and Customs Enforcement was the government's sole witness. Davidson did not present any witnesses. Dkt. #45. On December 9, 2011, Magistrate Judge Payson issued her Report and Recommendation (Dkt. #60), which recommends the denial of Davidson's suppression motions. After receiving numerous extensions of time, Davidson filed his objections to the Report and Recommendation on June 7, 2013 (Dkt. #118), and the Government responded on June 20, 2013. Dkt. #120.

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearing. Based upon that *de novo* review, I find no basis to alter, modify or reject Magistrate Judge Payson's Report and Recommendation.

## DISCUSSION

I.  Motion to Suppress Evidence

Magistrate Judge Payson recommended denying the motion to suppress evidence on two separate grounds. First, Judge Payson determined that the challenged warrants were supported by sufficient probable cause, and second, she determined that even if the warrants were somehow deficient, that the officers relied on those warrants in good faith, and therefore the exclusionary rule would be inapplicable pursuant to *United States v. Leon*, 468 U.S. 897 (1984).

While Davidson has objected to Magistrate Judge Payson's finding that the warrants were supported by sufficient probable cause, he has not objected to her finding that the officers relied on the warrants in good faith. As a rule, a party's failure to object to any purported error or

2

omission in a magistrate judge's report waives further judicial review of that point. Fed.R.Crim.P. 59. ("Failure to object in accordance with this rule waives a party's right to review.") Since there is no objection, the Court adopts Magistrate Judge Payson's finding on this issue. However, even if the Court were required to review the issue *de novo*, there is simply no evidence to even suggest that the officers executing the search warrants did not rely on the issued warrant in good faith, nor is there any evidence at all to suggest that Magistrate Judge Payson was misled or that she wholly abandoned her judicial role, or that the warrant is so lacking in probable cause or facially deficient to render the officers' reliance on the warrant unreasonable. *Leon*, 468 U.S. at 923. As a result, Davidson's motion to suppress evidence seized as a result of the search warrants executed at 107 Willowen Drive, Rochester, New York and 139 Lyell Avenue, Rochester, New York must be denied.

Even if *Leon's* good faith analysis were removed from the equation, I also agree with Judge Payson's determination that the search warrants were indeed supported by probable cause. While Davidson is correct that the affidavit does not recount any specific criminal acts that occurred at 107 Willowen Drive[1], that argument misses the mark.

Judges who issue warrants must answer the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place," *Illinois v. Gates*, 462 U.S. 213, 230 (1983), and the law recognizes that probable cause "does not demand certainty but only a fair probability that contraband or evidence of a crime will be found." *United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004). In reviewing a probable cause determination, the Court gives "due weight to inferences drawn from those facts by resident judges and law enforcement officers," *United States v. Wilson*, 699 F.3d 235, 242 (2d

---

[1] Davidson also argues that the affidavit does not recount any specific acts that occurred at 139 Lyell Avenue. He is mistaken. Just as one example, the affidavit of Special Agent Patrone provides information that a confidential source observed Davidson keeping drug proceeds in the ceiling of his automotive garage, which is the premises at 139 Lyell Avenue.

3

Cir. 2012) (internal quotation marks and alterations omitted), as "courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not." *Gaskin*, 364 F.3d at 457. Further, reviewing courts "must accord considerable deference to the probable cause determination of the issuing magistrate." *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quoting *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007)).

The challenged affidavit establishes probable cause to believe that Davidson was involved in a significant drug trafficking operation, and that Davidson resided at 107 Willowen Drive. In addition, Patrone's affidavit recounts his opinion, based on six years of experience and training, that individuals who sell significant quantities of narcotics are likely to maintain records of their activities in their residences. As Magistrate Judge Payson pointed out, it is well settled in this Circuit that an agent's expert opinion that his experience "taught him that major drug traffickers frequently maintain at their homes [evidence of the crime]" is an "important factor" in determining whether probable cause exists. *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985). Indeed, there are multiple decisions from this district alone where probable cause determinations were upheld in situations where the agent-affiant provided their expert opinion that narcotics traffickers frequently maintain evidence of their crimes at their residence. *See, e.g., United States v. Montalvo*, No. 08-CR-004S, 2009 WL 595998 (W.D.N.Y. March 6, 2009); *United States v. Funderburk*, 492 F.Supp.2d 223, 252-53 (W.D.N.Y. 2007); *United States v. Jackson*, 493 F.Supp. 2d 592, 609-10 (W.D.N.Y. 2006); *United States v. Mullen*, 451 F. Supp. 2d 509, 542-43 (W.D.N.Y. 2006).

As the warrant was clearly supported by probable cause, and there is no evidence to suggest that the executing officers did not rely on the warrant in good faith, Davidson's motion to suppress evidence recovered during the execution of the search warrants is denied.

4

Additionally, defense counsel objected to Magistrate Judge Payson's Report and Recommendation on the basis that "this Court should suppress such evidence found as a result of the search warrant issued, and the subsequent search of the 107 Willowen Drive residence...because Magistrate Judge Payson signed the search warrants, and then, reviewed the legality and constitutionality of her own search warrant." (Dkt. #118, at p. 6). Counsel cites no legal support for this objection.

During proceedings before Magistrate Judge Payson on October 12, 2011, the following discussion occurred:

> MAGISTRATE JUDGE PAYSON: You earlier had indicated that you, not surprisingly, had some discomfort with the fact that I would be reviewing whether the affidavits establish probable cause since I was the judge before whom those affidavits were sworn originally. Correct me if I'm wrong, my recollection was that you were going to expand upon that in your supplemental submission. I don't think you've done that.
>
> MR. VACCA: I have not, Your Honor, based on subsequent research and review and discussion.
>
> MAGISTRATE JUDGE PAYSON: So is that to say you're withdrawing that challenge?
>
> MR. VACCA: I am, Your Honor.
>
> MAGISTRATE JUDGE PAYSON: Whether you agree or disagree, that seems to be settled, right?
>
> MR. VACCA: I have to stand by what the settled case law is.
>
> MAGISTRATE JUDGE PAYSON: Okay. All right, thank you.

Dkt. #54, Transcript of Proceedings held on October 12, 2011 at 5-6.

Counsel's objecting to an issue that he previously conceded was foreclosed "by what the settled case law is" is inappropriate. While the Court appreciates and expects counsel to zealously represent the interests of his client, he is also required to refrain from advancing arguments that he previously conceded were meritless.

5

II. Motion to Suppress Statements

Davidson advances, albeit in a perfunctory fashion, three arguments as to why his statements to law enforcement on October 26, 2010 should be suppressed.

First, he argues without elaboration that the statements "were the product of an in custody interrogation requiring the issuance of *Miranda* warnings." To the extent that this is an objection to Magistrate Judge Payson's determination that Davidson was properly Mirandized (the subject of the suppression hearing held on October 12, 2011), I disagree. Rather, I find, as did Magistrate Judge Payson, that the uncontroverted evidence adduced at the hearing established that the agents properly read Davidson his *Miranda* rights, and that Davidson agreed to speak with the agents. At no time did Davidson ask to speak with a lawyer, or in any way indicate that he wished to terminate the interview. Rather, the record reflects that Davidson's statements were in all respects voluntary.

Davidson next argues that his statements should be suppressed "since the search warrants executed on his business, and home, were not warranted, as noted above." As I have already determined that the warrants were properly issued, I reject this argument for the same reasons that were previously stated.

Finally, Davidson argues – for the first time – that his arrest was somehow illegal, and as a result, his statements should be suppressed as the "fruit of the poisonous tree."

Procedurally, Davidson has failed to comply with Local Rule 59(b)(3). That rule provides that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." Davidson does not explain why this argument was not raised before Magistrate Judge Payson. Indeed, Judge

6

Payson's Report and Recommendation (Dkt. #60) specifically reminded the parties that "[t]he district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." (Citation omitted).

Even when judged on the merits, Davidson's argument requires scant discussion. As the government correctly points out, Davidson was arrested on October 26, 2010, some seven days after an arrest warrant was issued for him on October 19, 2010, based upon the federal grand jury's return of an indictment against him. *See* Fed.R.Crim.P. 9(b) ("The court must issue a warrant...for each defendant named in an indictment." Simply put, the issuance of the arrest warrant was required because of the indictment, had nothing to do with the challenged search warrants, and therefore cannot be a basis for a "fruit of the poisonous tree" argument.

As Davidson was properly read his *Miranda* rights and chose to speak with the agents, and there being no impropriety in arresting Davidson under a valid arrest warrant, Davidson's motion to suppress statements he made on October 26, 2010 is denied.

## CONCLUSION

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Marian W. Payson (Dkt. #60) in its entirety, and Davidson's motions to suppress (Dkt. #32) are denied in all respects.

IT IS SO ORDERED.

DATED: Rochester, New York
August 29, 2013

HON. FRANK P. GERACI, JR.
United States District Judge

7